UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────X
UNITED STATES OF AMERICA *ex rel.*
REDACTED - Under Seal

      Plaintiff,

      v.

MOTIVES, INC.; MOTIVES FAR EAST,

      Defendants.
──────────────────────────────────X
UNITED STATES OF AMERICA,

      Plaintiff-Intervenor,

      v.

MOTIVES, INCORPORATED; MOTIVES
FAR EAST; and MOTIVES CHINA
LIMITED,

      Defendants.
──────────────────────────────────X

STIPULATION AND ORDER
OF SETTLEMENT AND DISMISSAL

13 Civ. 9030 (GBD)

    WHEREAS, this Stipulation and Order of Settlement and Dismissal (the "Stipulation") is entered into by and among the United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, and on behalf of the United States Customs and Border Protection (collectively, the "United States"), Defendants Motives, Incorporated, Motives Far East, and Motives China Limited (collectively, "Defendants"), as well as Relator REDACTED - Under Seal (the "Relator") (hereafter collectively referred to as "the Parties"), through their authorized representatives;

WHEREAS, Motives, Incorporated is a New York corporation, with its principal place of business in Manhattan;

WHEREAS, Motives Far East is a foreign corporation, with its principal places of business in Vietnam, and Cambodia;

WHEREAS, Motives China Limited is a foreign corporation, with its principal places of business in Hong Kong and China;

WHEREAS, Defendants have regularly manufactured and/or imported apparel into the United States for commercial purposes, and have been required to pay appropriate customs duties on those goods;

WHEREAS, on or about December 20, 2013, Relator filed a *qui tam* action (the "Civil Action") in the United States District Court for the Southern District of New York (the "Court") pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Act"). In the Civil Action, Relator alleged that Defendants and others violated the Act through a scheme to evade payment of U.S. customs duties, which involved underpayment of customs duties;

WHEREAS, the United States has intervened in the Civil Action as against Defendants and filed a Complaint-in-Intervention of the United States of America (the "Federal Complaint");

WHEREAS, the Federal Complaint alleges that Defendants evaded customs duties during the period from 2009 through 2013 (the "Covered Period"), in that, with respect to transactions in which they were either the manufacturer, importer of record or ultimate consignee, they "knowingly made, used, or caused to be made or used false records and/or statements to conceal, avoid, or decrease obligations to pay or transmit money or property, in the form of customs duties, to the United States." The Federal Complaint further alleges that, as part of their scheme to defraud the United States of customs duties, Defendants employed two sets of invoices, one of

which undervalued the garments and was presented to U.S. Customs and Border Protection for calculation of the appropriate duty, and the second of which reflected the actual value of the garments. The conduct alleged in the Federal Complaint shall be defined as the "Covered Conduct"; and

WHEREAS, the Parties have reached a full and final mutually agreeable resolution of the United States's claims for the Covered Conduct as set forth below;

NOW, THEREFORE, upon the Parties' agreement, IT IS HEREBY ORDERED that:

## TERMS AND CONDITIONS

1. The Parties consent to this Court's exercise of subject matter jurisdiction over this action and personal jurisdiction over each of them.

2. Defendants hereby admit, acknowledge as true, and accept responsibility for the following conduct:

   a. During the Covered Period, Defendants repeatedly prepared and presented to the United States commercial invoices for apparel being imported into the United States that reported less than the total value of the goods imported;

   b. During the Covered Period, Defendants repeatedly represented to the United States that their documentation contained, to the best of their knowledge, correct and true information such as prices, values, and quantities;

   c. During the Covered Period, Defendants repeatedly received from apparel wholesalers, including Siouni & Zarr Corporation and Dana Kay Incorporated, an amount in excess of that recorded on the commercial invoices;

   d. During the Covered Period, Defendants received such an excess amount pursuant to a separate invoice sometimes referred to as a "debit note" or cost sheet;

  e. During the Covered Period, Defendants repeatedly failed to disclose to the United States the separate invoices reflecting the actual value of the apparel, instead reporting only the lesser amounts listed in the commercial invoices, which the United States then used to assess customs duties;

  f. During the Covered Period, Defendants' failure to disclose the full value of the imported product led to the under-assessment of millions of dollars in duties owed by Defendants to theUnited States; and

  g. Through their conduct, Defendants deprived the United States of millions of dollars in duties.

  3. Defendants shall pay to the United States thirteen million three hundred and seventy-five thousand dollars ($13,375,000) (the "Settlement Amount") within thirty (30) business days after the Effective Date (defined below in paragraph 28), plus interest, which shall be compounded annually at the rate of 1.75% accruing from March 14, 2016 to the date of payment ("Settlement Amount"). The payment shall be made in accordance with instructions to be provided by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of New York.

  4. Defendants agree to cooperate fully and truthfully with the United States' investigation of individuals and entities related to the Covered Conduct. Upon reasonable notice, Defendants shall encourage, and agree not to impair, the cooperation of their directors, officers, and employees, and shall use their best efforts to make available, and encourage, the cooperation of former directors, officers, and employees for interviews and testimony, consistent with the rights and privileges of such individuals. Defendants further agree to furnish to the United States, upon request, complete and unredacted copies of all non-privileged documents, reports,

memoranda of interviews, and records in its possession, custody, or control concerning any investigation related to the Covered Conduct that it has undertaken, or that has been performed by another on its behalf, as well as complete and unredacted copies of any other non-privileged documents in its possession, custody, or control relating to the Covered Conduct.

5. Subject to the exceptions in Paragraph 7 (concerning excluded claims) below and Paragraph 17 (concerning bankruptcy proceedings) below, and conditioned upon Defendants' full payment of the Settlement Amount as set forth in paragraph 3 above and their full compliance with all other terms of this Stipulation, the United States releases Defendants and all of their corporate predecessors and successors, together with their respective current and former officers, directors, trustees, servants, employees, agents, affiliates and assigns from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; the Tariff Act of 1930, as amended; and the common law theories of payment by mistake, unjust enrichment, conspiracy, and fraud.

6. Subject to the exceptions in Paragraph 7 (concerning excluded claims) Paragraph 17 below (concerning bankruptcy proceedings) below, and conditioned upon Defendants' full payment of the Settlement Amount as set forth in paragraph 3 above, Relator, for himself and for his heirs, successors, attorneys, agents, and assigns, releases Defendants and all of their corporate predecessors, successors, and affiliates, together with their respective current and former principals, shareholders, officers, directors, trustees, servants, employees, agents, affiliates, and assigns, including Richard Stotter and Barry Blitstein, from any claim the relator has asserted, could have asserted, or may assert under the False Claims Act, 31 U.S.C. §§ 3729-3733;

provided, however, that nothing in this Stipulation shall preclude Relator from seeking to recover his expenses or attorney's fees and costs from Defendants, pursuant to 31 U.S.C. § 3730(d).

7.  Notwithstanding the releases given in Paragraphs 5 and 6 of this Stipulation, or any other term of this Stipulation, the following claims of the United States are specifically reserved and are not released by this Stipulation:

   a.  Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

   b.  Any criminal liability;

   c.  Except as expressly stated herein, any civil or administrative liability, including the suspension and debarment rights of any federal agency;

   d.  Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct; and

   e.  Any liability based upon obligations created by this Stipulation.

8.  Relator and his heirs, successors, attorneys, agents, and assigns shall not object to this Stipulation but agree and confirm that this Stipulation is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Subject to any claims Relator may have for his share of the Settlement Amount pursuant to the Stipulation and Order of Settlement and Release between the Relator and the United States, Relator, for himself individually, and his heirs, successors, attorneys, agents, and assigns fully and finally releases, waives, and forever discharges the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Stipulation and/or the Civil Action.

9.  Defendants fully and finally release the United States and its agencies, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of every

kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation, prosecution, and settlement thereof.

10. Defendants waive and shall not assert any defenses Defendants may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Stipulation constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

11. In consideration of the Relator's execution of this Stipulation and Relator's releases as set forth in Paragraph 6, Defendants and all of their predecessors and successors, together with their respective current and former officers, directors, trustees, servants, employees, agents, affiliates and assigns and all of their current and former officers, directors, employees, attorneys, agents, affiliates and assigns, on behalf of themselves and their heirs, attorneys, agents, successors, and assigns, release the Relator, his heirs, attorneys, agents, successors, and assigns, from any and all claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future against the Relator, related to the Covered Conduct and the Relator's investigation and prosecution thereof.

12. Defendants agree to the following:

a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Defendants and their present or former officers, directors, employees, shareholders, and agents in connection with:

   i. the matters covered by this Stipulation;

   ii. the United States's audit(s) and civil and/or criminal investigation(s) of the matters covered by this Stipulation;

   iii. Defendants' investigation, defense, and corrective action undertaken in response to the United States's audit(s) and civil and/or criminal investigation(s) in connection with the matters covered by this Stipulation (including attorney's fees);

   iv. the negotiation and performance of this Stipulation;

   v. the payments Defendants make to the United States pursuant to this Stipulation and any payments that Defendants may make to Relator, including costs and attorney's fees,

are unallowable costs for United States contracting purposes (hereinafter referred to as Unallowable Costs).

b. Future Treatment of Unallowable Costs: Unallowable Costs will be separately determined and accounted for by Defendants, and Defendants shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

c. Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Stipulation, Defendants shall

identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by Defendants or any of their subsidiaries or affiliates from the United States. Defendants agree that the United States, at a minimum, shall be entitled to recoup from Defendants any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment. The United States, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine Defendants' books and records and to disagree with any calculations submitted by Defendants or any of their subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by Defendants, or the effect of any such Unallowable Costs on the amount of such payments.

13. Subject to the exceptions in Paragraph 7, and in consideration of the obligations of the Defendants in this Stipulation, conditioned upon Defendants' timely full payment of the Settlement Amount, the United States shall dismiss with prejudice the Federal Complaint and, subject to the Relator's right to seek to recover attorney's fees, costs and expenses from Defendants pursuant to 31 U.S.C. § 3730(d), the Relator shall dismiss with prejudice the Civil Action as to Defendants and Richard Stotter and Barry Blitstein; provided, however, that the Court shall retain jurisdiction over this Stipulation and each Party to the extent the obligations herein remain unsatisfied by that Party.

14.     Defendants represent and warrant that they have reviewed their financial situation, that they currently are solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(l)(B)(ii)(I), and reasonably believe that they shall remain solvent following payment to the United States of the Settlement Amount. Further, the Parties warrant that, in evaluating whether to execute this Stipulation, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Defendants, within the meaning of 11 U.S.C. § 547(c)(l), and (b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Defendants were or became indebted to on or after the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(l).

15.     Defendants shall be in default of this Stipulation if they fail to make the payment required in Paragraph 3. The United States will provide written notice of the default, to be sent by first-class mail and email to the undersigned attorneys for Defendants at the below-listed addresses and any new address of which notice is given. Defendants shall have an opportunity to cure the default within seven (7) business days from date of receipt of the notice of default. In the event that a default is not fully cured within seven (7) business days of the receipt of notice of such default, the Settlement Amount shall be immediately due and payable, and interest shall accrue at the rate of 12% per annum compounded annually on the remaining unpaid principal balance, beginning seven (7) business days after delivery of the notice of default.

In the event of an uncured default, Defendants agree to the entry of a consent judgment in the form attached hereto as Exhibit A, and further, the United States, at its option, may: (a)

10

rescind this Stipulation and reinstate the Federal Complaint; (b) seek specific performance of the Stipulation; (c) offset the remaining unpaid balance from any amounts due and owing Defendants by any department, agency or agent of the United States at the time of default; or (d) exercise any other rights granted by law, or under the terms of this Stipulation, or recognizable at common law or in equity. Defendants shall not contest any offset imposed or any collection action undertaken by the United States pursuant to this paragraph, either administratively or in any court. In addition, Defendants shall pay the United States all reasonable costs of collection and enforcement under this paragraph, including attorney's fees and expenses. In the event that the United States opts to rescind this Stipulation pursuant to this paragraph, Defendants shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims which relate to the Covered Conduct.

16. Any failure by the United States to insist upon the strict performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and the United States, notwithstanding that failure, shall have the right thereafter to insist upon strict performance of any and all of the provisions of this Stipulation.

17. If Defendants commence, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking to have any order for relief of Defendants' debts, or seeking to adjudicate Defendants as bankrupt or insolvent; or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for Defendants or for all or any substantial part of Defendants' assets, Defendants agree as follows:

a. Defendants' obligations under this Stipulation may not be avoided pursuant to 11 U.S.C. § 547, and Defendants shall not argue or otherwise take the position in any such case, proceeding, or action that: (i) Defendants' obligations under this Stipulation may be avoided under 11 U.S.C. § 547; (ii) Defendants were insolvent at the time this Stipulation was entered into; or (iii) the mutual promises, covenants, and obligations set forth in this Stipulation do not constitute a contemporaneous exchange for new value given to Defendants.

b. If Defendants' obligations under this Stipulation are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind the releases in this Stipulation and bring any civil and/or administrative claim, action, or proceeding against Defendants for the claims that would otherwise be covered by the releases provided in Paragraphs 4 and 5 above. Defendants agree that (i) any such claims, actions, or proceedings brought by the United States are not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceedings described in the first clause of this paragraph, and Defendants shall not argue or otherwise contend that the United States's claims, actions, or proceedings are subject to an automatic stay; (ii) Defendants shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceeding that are brought by the United States within 60 calendar days of written notification to Defendants that the releases have been rescinded pursuant to this

paragraph; and (iii) the United States has a valid claim against Defendants in the amount of $13,375,000 plus penalties, and the Government may pursue its claim in the case, action, or proceeding referenced in the first clause of this paragraph, as well as in any other case, action, or proceeding.

c. Defendants acknowledge that their agreements in this paragraph are provided in exchange for valuable consideration provided in this Stipulation.

18. Except as expressly provided to the contrary in this Stipulation, this Stipulation is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity.

19. Except as set forth in Paragraph 6 above (which, among other things, preserves Relator's ability to seek attorney's fees), each Party shall bear its own and its employees' legal fees and other costs incurred in connection with this matter, including the preparation and performance of this Stipulation.

20. Each party and signatory to this Stipulation represents that it freely and voluntarily enters in to this Stipulation without any degree of duress or compulsion.

21. This Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

22. This Stipulation constitutes the complete agreement between the Parties. This Stipulation may not be amended except by written consent of the Parties.

23. The undersigned counsel and other signatories represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and entities indicated below.

24. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. Facsimiles and/or PDFs of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

25. This Stipulation is binding on Defendants and their successors, transferees, heirs, and assigns.

26. This Stipulation is binding on Relator and Relator's successors, transferees, heirs, and assigns.

27. All parties consent to the United States' disclosure of this Stipulation, and information about this Stipulation, to the public.

28. The effective date of this Stipulation is the date upon which this Stipulation is entered by this Court (the "Effective Date").

Agreed to by:

**THE UNITED STATES OF AMERICA**

Dated: New York, New York
July 8, 2016

*Attorneys for Plaintiff-Intervenor*
*United States of America*

By: *(signature)*
KIRTI VAIDYA REDDY
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone No. (212) 637-2751
Facsimile No. (212) 637-2751
Kirti.Reddy@usdoj.gov

**DEFENDANTS**

Dated: New York, New York
July 7, 2016

*Attorneys for Motives*

By: _____
NICOLE GUERON
Clarick Gueron Reisbaum LLP
220 Fifth Avenue
New York, New York 10001
Telephone No. (212) 633-4312
Facsimile No. (646) 478-9484
Ngueron@cgr-law.com

New York, New York
July 7, 2016

*Attorneys for Motives*

By: _____
HAROLD GRUNFELD
Grunfeld Desiderio Lebowitz
   Silverman & Klestadt LLP
399 Park Avenue, 25th Floor
New York, New York 10022
Telephone No. (212) 557-4000
Facsimile No. (212) 557-4415
HGrunfeld@GDLSK.com

Dated: New York, New York
July 7, 2016

*Defendant Motives, Inc.*

By: _____

Title: ___Director___

Dated: _____
July 7, 2016

*Defendant Motives Far East*

By: _____

Title: ___Director___

Dated: _____
July 7, 2016

*Defendant Motives China Ltd.*

By: _____

Title: ___Director___

**RELATOR**



SO ORDERED:

_George B. Daniels_  JUL 12 2016
THE HONORABLE GEORGE B. DANIELS
United States District Judge