Case 1:13-cv-09030-GBD  Document 46  Filed 10/12/21  Page 1 of 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

––––––––––––––––––––––––––––––––––––––X

UNITED STATES OF AMERICA *ex rel.*
MICHAEL KRIGSTEIN,

    Plaintiff,

v.

QUEEN APPAREL, NY, INC., and
HANK HYUNHO CHOI,

    Defendants.

––––––––––––––––––––––––––––––––––––––X

UNITED STATES OF AMERICA,

    Plaintiff-Intervenor,

v.

QUEEN APPAREL, NY, INC., and
HANK HYUNHO CHOI,

    Defendants.

––––––––––––––––––––––––––––––––––––––X



STIPULATION AND ORDER
OF SETTLEMENT AND RELEASE
BETWEEN THE UNITED STATES
AND RELATOR

13 Civ. 9030 (GBD)

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Stipulation") is entered into between the United States of America (the "United States"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, and relator Michael Krigstein ("Relator" and, together with the United States, the "Parties"), through his counsel;

WHEREAS, on or about December 20, 2013, Relator filed a complaint in the above-captioned action in the United States District Court for the Southern District of New York (the "Court") under the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq.* (the "FCA"), alleging, *inter alia*, that Defendants violated the FCA through a scheme to evade

payment of U.S. customs duties by undervaluing garments that they were importing into the United States (the "Relator Action");

WHEREAS, on or about February 20, 2019, the United States filed a complaint-in-intervention (the "Government Complaint") against defendants Queen Apparel NY, Inc. ("Queen") and Hank Hyunho Choi ("Choi" and collectively with Queen, "Defendants"), alleging that between 2009 and 2013, Defendants caused false statements to be made to U.S. Customs and Border Protection ("CBP") that were material to determining the amount of import duties on clothing that Defendants manufactured and imported into the United States (the "Covered Conduct");

WHEREAS, on or about October 12, 2021, the United States, Defendants, and Relator entered into a Stipulation of Settlement and Dismissal (the "Settlement Agreement");

WHEREAS, pursuant to Paragraph 3 of the Settlement Agreement, Defendant Choi agreed to pay the United States fifty thousand dollars ($50,000) (the "Settlement Amount") to resolve the claims of the United States against Queen and Choi for the Covered Conduct;

WHEREAS, Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(1), he is entitled to receive a portion of the Settlement Amount (the "Relator Share Claim"); and

WHEREAS, the Parties mutually desire to reach a full and final compromise of the Relator Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. Contingent upon receipt by the United States of full payment due to the United States

under Paragraph 3 of the Settlement Agreement, the United States will pay Relator, c/o Michael D. Fitzgerald of the Law Office of Michael D. Fitzgerald, as attorney for Relator ("Relator's Counsel"), eighteen percent (18%) of the payment of the Settlement Amount received from Defendant Choi ($9,000) in accordance with written instructions provided by Relator's Counsel within a reasonable time after the United States' receipt of the payment of the Settlement Amount. The obligation to make the payment to Relator under this Paragraph is expressly conditioned on, and only arises with, the receipt by the United States of the payment of the Settlement Amount from Defendant Choi required by the Settlement Agreement. In the event that Defendant Choi fails to make the payment required by the Settlement Agreement, the United States shall have no obligation to make any payment to Relator.

2. Relator, for himself and his heirs, successors, attorneys, agents, and assigns, agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

3. In agreeing to accept payment of the Relator's share set forth in Paragraph 1 above, and upon payment thereof, Relator, for himself and his heirs, successors, attorneys, agents, and assigns, releases and is deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of the Settlement Agreement pursuant to 31 U.S.C. § 3730 or other applicable law, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents arising from or relating to the Settlement Agreement or any claim in the Relator's Action or the Government Complaint.

3

4. This Relator Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

5. The United States and Relator agree that if the Settlement Agreement is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this Relator Stipulation is null and void.

6. This Relator Stipulation shall inure to the benefit of and be binding only on the Parties, their successors, assigns, and heirs.

7. This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

8. This Relator Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relator Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the Parties specifically referring to this Relator Stipulation.

9. This Relator Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relator Stipulation, this Relator Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

10. This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated:  New York, New York  
       October 12, 2021

*Attorneys for Plaintiff-Intervenor*  
*United States of America*

By: _____  
JACOB M. BERGMAN  
Assistant United States Attorney  
86 Chambers Street, 3rd Floor  
New York, New York 10007  
Telephone No.: (212) 637-2776  
Email: jacob.bergman@usdoj.gov

Dated:  New York, New York  
       September ___, 2021  
       *October 7, 2021*

*Relator*

By: _____  
MICHAEL KRIGSTEIN

*Counsel for Relator*

By: _____  
MICHAEL D. FITZGERALD  
Law Office of Michael D. Fitzgerald  
800 Old Bridge Road  
Brielle, New Jersey 08730  
Telephone No.: (732) 223-2200  
Email: Mdfitz@briellelaw.com

SO ORDERED:

_____  
THE HONORABLE GEORGE B. DANIELS  
United States District Judge

Dated: **OCT 1 8 2021**

5